# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor Marsh Aviation Company
By:     Kelly G. Black, No. 016376
        John Skiba, No. 022699

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Marsh Aviation Company,<br><br>    Debtor. | **No. 2:09-bk-23468-CGC**<br><br>**Application for Interim Payment and Compensation of Attorney Fees and Costs and For Order and Judgment Thereon (Third Application)**<br><br>Assigned to: Honorable Charles G. Case, II |

Jackson White, P.C., a professional corporation (hereinafter "Applicant"), counsel for

Marsh Aviation Company, (hereinafter "Debtor-in-Possession"), hereby makes its Application

for Interim Payment and Compensation of Attorney Fees and Costs and for Order and Judgment

Thereon (Third Application) (hereinafter "Application").

In support of its Application, Applicant submits its time records for the period of

September 28, 2010 through July 13, 2011 (hereinafter "Application Period"), attached hereto as

Exhibit "A" and incorporated herein by reference. Applicant's cost records (including an

itemization of expenses incurred) for the same period is likewise attached hereto as Exhibit "B"

and incorporated herein by reference. In further support of its Application, Applicant

respectfully represents as follows:

## I. Summary

### A. Background

1. On September 22, 2009, Debtors in the above-captioned case filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The case is currently pending before this Court as a case under Chapter 11.

2. This Court entered its order approving appointment Applicant as counsel through an Interim Order Approving Appointment of Counsel entered on October 6, 2009, and a final Order Approving Appointment of Counsel entered on November 30, 2009.

3. Applicant has served as the duly appointed counsel for Debtors-in-Possession in the above entitled estate up to and through the filing of this Application. Applicant was employed by the Debtors-in-Possession to perform actual and necessary services with the understanding that Applicant's compensation would be as determined by the Court under the criterion set forth in 11 U.S.C. § 330 of the Bankruptcy Code, including the cost of comparable services other than a case under the Bankruptcy Code.

4. By order entered December 11, 2009, this Court approved Applicant's first Application for fees and costs, covering the time period from September 22, 2009 through November 16, 2009. Applicant sought, and the Court approved, fees and costs in the total sum of $13,323.04.

5. By order entered January 25, 2011, this Court approved Applicant's first Application for fees and costs, covering the time period from November 17, 2009 through September 27, 2010. Applicant sought, and the Court approved, fees and costs in the total sum of $18,009.26.

6. During the Application period (September 28, 2010 through July 13, 2011), Applicant spent 121.15 hours in its representation of Debtor-in-Possession. Based upon Applicant's ordinary hourly rates in effect at the time said services were rendered, Applicant's total fees are $30,717.25.

7. In addition to the foregoing, Applicant incurred out-of-pocket expenses for which Applicant is seeking reimbursement in the total amount of $928.31.

8.    Total fees and costs are $31,645.56, to be paid by Marsh Aviation Company as agreed under the terms of the Retainer Agreement between Debtor and Applicant.

9.    The services for which compensation is requested were rendered on behalf of the Debtors-in-Possession and compensation is sought pursuant to 11 U.S.C. § 330(a), 331, and 503(a) and (b), Rule 2016(a), Fed. R. Bankr. P., and in compliance with the Order Appointing Counsel and the Guidelines of the Office of the United States Trustee for the District of Arizona.

10.    Except as Applicant may be entitled to receive compensation herein, Applicant has no arrangements with any other parties whatsoever to pay Applicant for the services of Applicant to the estate, nor has Applicant received any funds from any parties whatsoever for the services rendered to the estate.  Further, Applicant has not made any arrangement to share any compensation received by order of this Court with any party whatsoever, nor does Applicant have any arrangements for sharing of compensation herein awarded, except between members and/or regular associates of Applicant's firm.  Applicant has no agreement to share compensation received or to be received with any person other than the normal division of fees that, as a matter of course, occurs between attorneys who are members of Applicant's firm.  Applicant is a disinterested person defined in 11 U.S.C.§ 101(14) and does not hold or represent any interest adverse to the estate.

11.    The names of all Applicant's professionals and paraprofessionals requesting fees and the hourly rate charged by each is as follows:

| Professional | Rate |
|---|---|
| John N. Skiba | $295.00 |
| Kelly G. Black | $295.00 |
| Otto S. Shill | $300.00 |
| Roger R. Foote | $300.00 |
| Terri Thompson | $125.00 |
| Ashley Preach | $125.00 |

**B.    Case Status**

1.    Applicant is aware of no other Application for Administrative Expense pending at this time.

2.    Since the filing of the second Application for Interim Payment and Compensation, Debtor mailed the previously-approved Disclosure Statement with ballots; solicited votes for its Plan of Reorganization; resolved by stipulation concerns expressed by Atwood Enterprises regarding the treatment of its secured claim; responded to objections by the Official Committee of Unsecured Creditors (the "Committee"); attended an original and two continued hearings on plan confirmation; prepared an amended Plan; negotiated and executed a stipulation with the Committee for confirmation of the amended Plan; secured confirmation of the Plan; and provided notice to creditors of the relevant hearings and stipulations.

3.    All quarterly fees have been paid to the United States Trustee and all monthly operating reports have been filed.  Any United States Trustee's fees which have not been paid and any monthly operating reports which have not been filed are anticipated to be paid and filed promptly.

**C.    Project Category Summaries**

The professional services provided by Applicant, and their corresponding fees, are summarized in the following sections.

*1.    Case Administration*

Applicant has performed the following services: Review and filing of operating reports; maintenance of the creditor mailing matrix.

This project category is of an ongoing nature.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires a Debtor-in-Possession to perform these duties.

The persons providing services on the foregoing project were Kelly G. Black, and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B110 | Case Administration | |
|---|---|---|---|
| Professional | Hours | Rate | Fee |
| Kelly G. Black | 0.6 | 295.00 | 177.00 |
| Terri Thompson | 5.2 | 125.00 | 650.00 |
| Total for B110 | 5.8 | 142.59 | 827.00 |

### 2. *Meetings and Communications With Creditors*

Applicant communicated with creditors and other parties in interests as required by the Bankruptcy Code.

This project category is of an ongoing nature.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires a Debtor-in-Possession to perform these duties.

The persons providing services on the foregoing project were Kelly G. Black, Ashley Preach, and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B150 | Meetings and Communications w/Creditors | |
|---|---|---|---|
| Professional | Hours | Rate | Fee |
| Ashley Preach | 0.5 | 125.00 | 56.25 |
| Kelly G. Black | 0.7 | 295.00 | 206.50 |
| Terri Thompson | 0.8 | 125.00 | 100.00 |
| Total for B150 | 2.0 | 186.03 | 362.75 |

### 3. *Fee/Employment Applications*

During the Application period (September 28, 2010 to July 13, 2011), the Applicant submitted and secured approval of an interim fee application covering the time period from November 17, 2009 through September 27, 2010. In addition, the Applicant reviewed the

application for appointment of counsel for the Committee, and assisted Debtor in securing counsel in the pending criminal proceedings.

This project category will recur, but no further fee application will be filed for the time period from November 17, 2009 through September 27, 2010.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the Code requires fees to be approved by the Court.

The persons providing services on the foregoing project were Kelly G. Black and Otto S. Shill.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B160 | Fee/Employment Applications | |
|---|---|---|---|
| Professional | Hours | Rate | Fee |
| Kelly G. Black | 6.2 | 295.00 | 1,829.00 |
| Otto S. Shill | 0.8 | 300.00 | 240.00 |
| Total for B160 | 7.0 | 295.57 | 2,069.00 |

### 4.    *Avoidance Action Analysis*

During the Application period, the Applicant reviewed records of transactions within the 90 days and one year prior to the Petition Date to determine whether there were any potentially viable avoidance actions.

This project category is ongoing.

The foregoing services were necessary and conferred a benefit to the estate for the reason that the preservation of potential avoidance actions was requested by the Committee in the event Debtor is unable to make the payments anticipated by the Plan.

The person providing services on the foregoing project was Kelly G. Black.

1    The following table summarizes the number of hours spent and the amount of

2    compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B180 | Avoidance Action Analysis | |
|---|---|---|---|
| Professional | Hours | Rate | Fee |
| Kelly G. Black | 3.0 | 295.00 | 885.00 |
| Total for B180 | 3.0 | 295.00 | 885.00 |

8         *5.    Financing*

9         During the Application period, the Applicant investigated whether Brazil's concerns

10   about diversion of its funds to pre-petition creditors could be addressed by a pre-confirmation

11   motion for approval of financing.  Brazil requested that its concerns be addressed instead by

12   confirmation of the Plan with such provisions in the Plan or confirmation order.

13        This project category is concluded.

14        The foregoing services were necessary and conferred a benefit to the estate for the reason

15   that addressing the legitimate concerns of Debtor's principal source of future income was critical

16   to Debtor's continued operation.

17        The person providing services on the foregoing project was Kelly G. Black.

18        The following table summarizes the number of hours spent and the amount of

19   compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B230 | Financing/Cash Collections | |
|---|---|---|---|
| Professional | Hours | Rate | Fee |
| Kelly G. Black | 1.3 | 295.00 | 383.50 |
| Total for B230 | 1.3 | 295.00 | 383.50 |

6. *Balloting, Plan Confirmation, and Negotiations for Plan Confirmation*

During the Application period, the Applicant mailed the previously-approved Disclosure Statement with ballots; solicited votes for its Plan of Reorganization; resolved by stipulation concerns expressed by Atwood Enterprises regarding the treatment of its secured claim; responded to objections by the Committee; attended an original and two continued hearings on plan confirmation; prepared an amended Plan; negotiated and executed a stipulation with the Committee for confirmation of the amended Plan; secured confirmation of the Plan; and provided notice to creditors of the relevant hearings and stipulations.

The foregoing services were necessary and conferred a benefit to the estate for the reason that these issues were required to be resolved to accomplish plan confirmation.

The persons providing services on the foregoing project were John N. Skiba, Kelly G. Black, Otto S. Shill, Roger R. Foote, and Terri Thompson.

The following table summarizes the number of hours spent and the amount of compensation requested for each professional and paraprofessional for the foregoing project:

| Project Category | B320 | Plan/Disclosure Statement | |
| --- | --- | --- | --- |
| Professional | Hours | Rate | Fee |
| John Skiba | 0.5 | 295.00 | 147.50 |
| Kelly G. Black | 75.5 | 295.00 | 22,272.50 |
| Otto S. Shill | 2.6 | 300.00 | 780.00 |
| Roger R. Foote | 0.3 | 300.00 | 90.00 |
| Terri Thompson | 23.2 | 125.00 | 2,900.00 |
| Total for B320 | 102.1 | 256.51 | 26,190.00 |

**D.      Summary of Costs**

The costs for which Applicant seeks reimbursement total $928.31.  These expenses involve photocopies, postage, mileage and parking expenses.  The amount charged by Applicant for in-house photocopies is 15 cents per sheet.  Postage is charged at actual cost.  During the

application period, Applicant primarily used an outside provider for copying and mailing to creditors, which is able to charge less for copying and mailing than it costs Applicant to perform the same work in-house. All costs from this and other outside providers are charged at Applicant's actual cost.

The amount Applicant has disbursed for actual and necessary expenses in connection with the estate are summarized and itemized on the attached Exhibit "B."

## II.    Standards for Evaluating Fee Application

The fees billed by Applicant to the Debtors-in-Possession for professional services rendered during the application period total $30,717.25. In accordance with 11 U.S.C. § 330, this amount was calculated using the hourly rate for the attorneys involved. *See also In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). This has also been referred to as the "lodestar" or basic fee which, if warranted, can be adjusted upward or downward. In that regard, the Ninth Circuit in Yermakov made specific references to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in which the Fifth Circuit listed twelve factors which should be considered in awarding attorneys' fees. These "*Johnson* factors" have been referred to and utilized by many courts in considering and awarding attorney's fees in bankruptcy cases. *See In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

In a decision of the Ninth Circuit Bankruptcy Appellate Panel, the Panel concluded that the "lodestar" approach, coupled with consideration of the "*Johnson* factors" is the appropriate standard to be applied in awarding fees in a bankruptcy case. *See In re Powerine Oil Co.*, 71 Bankr. 767 (Bankr. 9th Cir. 1986).

During the Application Period, Applicant has advised the Debtor-in-Possession in connection with the administration of the above-entitled estate on an ongoing basis and has prepared numerous letters, documents, pleadings, and other writings concerning same and has attended conferences, hearings and made other appearances for and on behalf of the Debtor-in-Possession and has performed numerous legal services for and on behalf of the Debtor-in-Possession, which services are itemized on the attached Exhibit "A," constituting Applicant's time records concerning the above-entitled estate.

Applicant has maintained daily record reflecting the actual and necessary time expended by said law firm in the performance of the services for which compensation is herein sought. These time records are presented to be merely a resume of the overall services performed by Applicant and do not purport to include each and every service performed, nor are they represented to constitute a limit of the time expended in this case, for undoubtedly there are numerous services for which time was not recorded. However, the records do indicate the general nature of the services performed and the absolute minimum time actually expended for consideration as one of the criterion set forth in 11 U.S.C. §330 for the time period from November 17, 2009 through September 27, 2010.

The results obtained by Applicant within the time frames of this Application illustrate that the Applicant:

1. Used the skill required to perform the legal services properly;

2. Provided services necessary to the administration of the case; and

3. Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

Furthermore, based upon the results obtained by Applicant within the time frame of this Application and the rates charged by the Applicant for the services performed, the compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.

There are no cash collateral issues regarding the source of funds from which Applicant intends to be paid.

The Debtor-in-Possession is current on payments to the United States Trustee and has timely filed its interim financial reports.

## III. Conclusion

Wherefore, Kelly G. Black and Jackson White, P.C., pray that Applicant be awarded an interim allowance, pursuant to 11 U.S.C. § 331, as attorney for Debtor-in-Possession in the amount of $30,717.25, together with reimbursement for actual and necessary costs expended in the amount of $928.31, for a total award of $31,645.56, all subject to review and adjustment for

determination of reasonable compensation based upon criteria set forth in 11 U.S.C. § 330 and for such other and further relief as the Court deems equitable.

Based upon the foregoing, Applicant respectfully requests:

A.    Allowance and approval of its fees for the Application Period totaling $30,717.25, which will be paid by Debtor;

B.    Reimbursement of $928.31 in actual and necessary expenses, which Applicant has incurred and paid during the Application Period in connection with the rendering of such professional services, for a total award of $31,645.56;

C.    For a Judgment against Marsh Aviation Company for the total award in the sum of $31,645.56; and

D.    Such other and further relief as this Court deems just and proper.

DATED this 14th day of July, 2011.

JACKSON WHITE

/s/ Kelly G. Black
Attorneys for Debtor Marsh Aviation Company
By: Kelly G. Black, No. 016376
    John Skiba, No. 022699

COPIES served electronically as follows:

RICHARD J. CUELLAR on behalf of U.S. Trustee U.S. TRUSTEE
ric.j.cuellar@usdoj.gov, coleen.craig@usdoj.gov;connie.s.hoover@usdoj.gov

GE Money Bank
c/o Recovery Management Systems Corp.
claims@recoverycorp.com

MARK A. TUCKER on behalf of Creditor Leland Dean
mark.tucker@azbar.org

BRYAN A. ALBUE on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
balbue@shermanhoward.com, balbue@shermanhoward.com;efiling@shermanhoward.com

/s/ Kelly G. Black
13248-021\397510.docx

# Exhibit A

| Project Category | | B110 | Case Administration | | | | |
|---|---|---|---|---|---|---|---|
| Date | Init. | Narrative | | Hours | Rate | Discount | Net Fee |
| 10/8/2010 | KGB | Review Operating Report for September 2010 and direct filing | | 0.1 | 295.00 | 0.00 | 29.50 |
| 11/3/2010 | TT | Scan and efile October 2010 Operating Report; telephone call from Beverly Roberson concerning Ballot confusion; review filed Operating Report. | | 0.5 | 125.00 | 0.00 | 62.50 |
| 11/4/2010 | TT | Prepare letter with copy of October Operating Report for Trustee. | | 0.3 | 125.00 | 0.00 | 37.50 |
| 12/7/2010 | KGB | Receive and review operating report; Direct filing of same | | 0.1 | 295.00 | 0.00 | 29.50 |
| 12/17/2010 | TT | Prepare, scan and e-file November Operating Report; prepare letter to Trustee with copy of same. | | 0.6 | 125.00 | 0.00 | 75.00 |
| 1/5/2011 | KGB | Receive and review operating report and direct filing of same | | 0.1 | 295.00 | 0.00 | 29.50 |
| 1/5/2011 | TT | Receive and review December 2010 Operating Report. | | 0.3 | 125.00 | 0.00 | 37.50 |
| 1/6/2011 | TT | Scan and prepare to efile December 2010 Operating Report | | 0.3 | 125.00 | 0.00 | 37.50 |
| 1/27/2011 | TT | Conference with Mr. Black to review various Certificates of Service and related documents. | | 0.5 | 125.00 | 0.00 | 62.50 |
| 2/4/2011 | TT | Receive and review Marsh Aviation Operating for January 2011; scan and efile same. | | 0.5 | 125.00 | 0.00 | 62.50 |
| 3/13/2011 | TT | Consult with Mr. Black on e-filing February Operating Report; scan and prepare to e-file same; prepare and mail letter to Trustee with copy of same. | | 0.7 | 125.00 | 0.00 | 87.50 |
| 4/8/2011 | TT | Scan and e-file March 2011 Operating Report. Prepare letter to attach copy for Trustee. | | 0.7 | 125.00 | 0.00 | 87.50 |
| 6/9/2011 | KGB | Review and file operating report | | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/12/2011 | TT | Prepare Change of Address form for Ed Allen's new address; prepare letter with form and mail to Mr. Allen for signature and return for filing; update ECF mailing matrix for same; advise Mr. Black of same; scan and e-e-file June 2011 Operating Report; send copy of same to Mr. Cuellar with cover letter and copy to Mr. Allen for same. | | 0.8 | 125.00 | 0.00 | 100.00 |
| 7/12/2011 | KGB | Follow up on change of Ed Allen's address | | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/12/2011 | KGB | Follow up on filing of operating report | | 0.1 | 295.00 | 0.00 | 29.50 |
| | | Total for B110 | | 5.8 | 142.59 | 0.00 | 827.00 |
| Project Category | | B150 | Meetings and Communications w/Creditors | | | | |
| Date | Init. | Narrative | | Hours | Rate | Discount | Net Fee |
| 10/18/2010 | TT | Receive voice message from Derek Gwee with updated mailing address; advise Mr. Black of same. | | 0.5 | 125.00 | 0.00 | 62.50 |
| 10/19/2010 | TT | Telephone call from one of the Creditors to advise new address; advise Mr. Black of same; resend corrected documents to Mr. Jump for mailing. Telephone calls to and | | 0.3 | 125.00 | 0.00 | 37.50 |

| Date | Init. | Narrative | Hours | Rate | Discount | Net Fee |
|---|---|---|---|---|---|---|
| | | from Mr. Gwee to update address; check court matrix for same. | | | | |
| 11/5/2010 | AP | Spoke with Beverly Roberson regarding the ballots she needs to complete and submit to our office. Discussed the issue with Mr. Black. | 0.3 | 125.00 | 0.00 | 31.25 |
| 11/8/2010 | AP | Spoke with employee, Jeffrey Jensen regarding Class 1 and Class 6 ballots; Identified Disclosure Statement sections addressing Classes 1 and 6 | 0.2 | 125.00 | 0.00 | 25.00 |
| 4/26/2011 | KGB | Voice message from Linda Ross of Spectrum Associates, creditor (0.10); Confirm lack of legal representation (0.10); Telephone call to Ms. Ross (away from office) and draft e-mail to same (0.10) | 0.3 | 295.00 | 0.00 | 88.50 |
| 5/9/2011 | KGB | Telephone call from Alex Rodriguez regarding latest notice; Telephone call to same regarding plan, Marsh's desire for votes; Telephone call to Floyd regarding call (left message requesting return call) | 0.4 | 295.00 | 0.00 | 118.00 |
| | | Total for B150 | 2.0 | 186.03 | 0.00 | 362.75 |

| Project Category | B160 | Fee/Employment Applications | | | | |
|---|---|---|---|---|---|---|
| Date | Init. | Narrative | Hours | Rate | Discount | Net Fee |
| 9/28/2010 | KGB | Draft second interim fee application | 4.6 | 295.00 | 0.00 | 1357.00 |
| 9/29/2010 | KGB | Draft notice of filing fee application (0.30); Check for new appearances and confirm mailing list (0.20); File and direct service of Motion and Notice (0.40) | 0.9 | 295.00 | 0.00 | 265.50 |
| 11/9/2010 | OSS | Place calls regarding criminal counsel | 0.8 | 300.00 | 0.00 | 240.00 |
| 12/9/2010 | KGB | Draft and file Certificate of Service and No Objections (0.20); Draft, upload and lodge Order (0.30) | 0.5 | 295.00 | 0.00 | 147.50 |
| 2/2/2011 | KGB | Receive and review ORDER Granting Application to Employ counsel for creditors committee | 0.1 | 295.00 | 0.00 | 29.50 |
| 7/5/2011 | KGB | Review ORDER Confirming Chapter 11 Plan for administrative claims deadline | 0.1 | 295.00 | 0.00 | 29.50 |
| | | Total for B160 | 7.0 | 295.57 | 0.00 | 2069.00 |

| Project Category | B180 | Avoidance Action Analysis | | | | |
|---|---|---|---|---|---|---|
| Date | Init. | Narrative | Hours | Rate | Discount | Net Fee |
| 4/5/2011 | KGB | Conference with Floyd regarding potential preferences | 0.3 | 295.00 | 0.00 | 88.50 |
| 4/25/2011 | KGB | Analyze potential avoidance actions | 2.1 | 295.00 | 0.00 | 619.50 |
| 4/27/2011 | KGB | Continue preference analysis | 0.6 | 295.00 | 0.00 | 177.00 |
| | | Total for B180 | 3.0 | 295.00 | 0.00 | 885.00 |

| Project Category | B230 | Financing/Cash Collections | | | | |
|---|---|---|---|---|---|---|
| Date | Init. | Narrative | Hours | Rate | Discount | Net Fee |
| 9/28/2010 | KGB | Telephone call from Dave Colby regarding Brazil's desire for assurance that its funding of Marsh Aviation is directed to administrative and program expenses (0.20); Begin draft of motion for approval of same (0.30) | 0.5 | 295.00 | 0.00 | 147.50 |

| Date | Init. | Narrative | Hours | Rate | Discount | Net Fee |
|------|-------|-----------|-------|------|----------|---------|
| 10/6/2010 | KGB | Voice message from Floyd regarding letter to Brazillian Navy (0.10); Receive and review Colby letter (0.10) | 0.2 | 295.00 | 0.00 | 59.00 |
| 10/14/2010 | KGB | Telephone conferences with Dave Colby, Ed Allen regarding contract with Brazil (0.50); Forward petition and schedules to Dave Colby for conflict review (0.10) | 0.6 | 295.00 | 0.00 | 177.00 |
| | | Total for B230 | 1.3 | 295.00 | 0.00 | 383.50 |

| Project Category | B320 | Plan/Disclosure Statement (including bus | | | | |
|------|-------|-----------|-------|------|----------|---------|
| Date | Init. | Narrative | Hours | Rate | Discount | Net Fee |
| 9/29/2010 | TT | Continue review of Claims for balloting | 0.4 | 125.00 | 0.00 | 50.00 |
| 9/30/2010 | TT | Work on claims for balloting | 0.4 | 125.00 | 0.00 | 50.00 |
| 10/1/2010 | TT | Work on Plan Claims. | 1.7 | 125.00 | 0.00 | 212.50 |
| 10/7/2010 | TT | Conference with Mr. Black to review draft Ballots and Disclosure Statement. | 1.7 | 125.00 | 0.00 | 212.50 |
| 10/7/2010 | KGB | Conduct extensive review of Proof of Claims, claims register, and schedules to complete addresses for mailing of ballots; Provide additional direction regarding same | 1.6 | 295.00 | 0.00 | 472.00 |
| 10/12/2010 | TT | Work on revisions to mailing list for ballots and disclosure statement. | 1.8 | 125.00 | 0.00 | 225.00 |
| 10/14/2010 | TT | Telephone call to Ed Allen to discuss the shareholders shares; input new information into addresses for Class 7 Claims. | 0.3 | 125.00 | 0.00 | 37.50 |
| 10/18/2010 | TT | Confer with Mr. Black on emailing Ballots, Disclosure and mailing lists to Mr. Jump; work on sending same. | 1.1 | 125.00 | 0.00 | 137.50 |
| 10/18/2010 | KGB | Final review of ballot mailing lists (0.80); Review and correct mailing instructions (0.20) | 1.0 | 295.00 | 0.00 | 295.00 |
| 10/19/2010 | TT | Work on corrections to Ballots and mailing list. | 0.5 | 125.00 | 0.00 | 62.50 |
| 10/19/2010 | KGB | Follow up on ballot mailings and corrections | 0.3 | 295.00 | 0.00 | 88.50 |
| 10/20/2010 | KGB | Follow up on balloting (mailing completed yesterday) | 0.1 | 295.00 | 0.00 | 29.50 |
| 10/28/2010 | JNS | Conference with Ms. Preach regarding federal indictment and potential effect on feasibility | 0.3 | 295.00 | 0.00 | 88.50 |
| 10/28/2010 | OSS | Meetings with John Skiba and Kelly Black regarding federal indictment issued; call to Ed Allen regarding same. | 1.0 | 300.00 | 0.00 | 300.00 |
| 10/29/2010 | JNS | Telephone call to client regarding strategy in connection with plan and indictment | 0.2 | 295.00 | 0.00 | 59.00 |
| 11/1/2010 | OSS | Meetings with Ed and Floyd regarding indictment. | 1.6 | 300.00 | 0.00 | 480.00 |
| 11/5/2010 | KGB | Voice message from counsel for Atwood Enterprises; Telephone call to same (he will mark up plan) | 0.2 | 295.00 | 0.00 | 59.00 |
| 11/10/2010 | KGB | Review Atwood Enterprises' proposed changes to Plan and telephone call to Marsh regarding same (unavailable) (0.20); Draft e-mail to Mr. Weissman regarding requested changes and alternative treatment of same (0.80); Telephone call to Ed regarding proposed changes and my proposed treatment of same (0.30); Draft e-mail to Ed and | 3.3 | 295.00 | 0.00 | 973.50 |

| Date | Init. | Description | Hours | Rate | | Amount |
|------|-------|-------------|-------|------|------|--------|
| | | Floyd regarding same (0.20); Research application of disclosure rules to post-disclosure developments (0.80) | | | | |
| 11/11/2010 | TT | Obtain and email copies of Notice of Errata regarding Marsh Aviation Company's Plan of Reorganization Dated June 15, 2010; email copies to parties to receive ECF filings; email Mr. Jump copy of document and request to mail copies to all on master mailing matrix.; Telephone call from Marvin Hook with American Certified Electronics requesting to fax ballot to our office; advise Mr. Skiba of same. Receive and review 2 separate faxed copies of the ballot and information for same. Receive email from Mr. Jump with copy of Certificate of Service and invoice for same. E-file same. | 1.1 | 125.00 | 0.00 | 137.50 |
| 11/11/2010 | KGB | Conference with William Walker regarding typo in plan and disclosure statement; Draft Notice of Errata regarding same and review with Mr. Walker; File and deliver same (0.60); Research post-disclosure changes (1.00); Conference with Mr. Foote regarding same (0.20); Look up current prime rate and draft e-mail to Ed and Floyd regarding additional requested Atwood change relating to interest rate (0.20); Receive and review Ed's email and telephone conference with same approving interest rate (0.10); Telephone call to Mr. Weissman regarding same and send confirming e-mail (0.10); Prepare preliminary ballot report (1.00); Review Committee's Objection to Confirmation and provide item-by-item analysis to Floyd and Ed (2.10) | 5.3 | 295.00 | 0.00 | 1563.50 |
| 11/11/2010 | RRF | Conference with Mr. Black regarding recent issues of indictment and balloting issues [0.30] | 0.3 | 300.00 | 0.00 | 90.00 |
| 11/12/2010 | KGB | Telephone conference with counsel for Committee (0.30); Draft e-mail to Floyd and Ed regarding discussion (0.20); Work on ballot report (0.80) | 1.8 | 295.00 | 0.00 | 531.00 |
| 11/13/2010 | KGB | Work on ballot report | 3.7 | 295.00 | 0.00 | 1091.50 |
| 11/15/2010 | KGB | Work on Ballot Report | 0.4 | 295.00 | 0.00 | 118.00 |
| 11/15/2010 | KGB | Telephone call to Floyd regarding Thursday e-mail | 0.1 | 295.00 | 0.00 | 29.50 |
| 11/16/2010 | KGB | Telephone call to Floyd regarding Craig Ford ballot (0.10); Telephone call to Jennifer at Craig Ford (0.10); Receive and review Craig Ford's ballots (0.10); Finalize and file Ballot Report (0.90) | 1.2 | 295.00 | 0.00 | 354.00 |
| 11/17/2010 | KGB | Review issues raised by Committee and review plan for additional issues to address with Floyd (0.30); Telephone call to Floyd to discuss issues raised by Committee in depth (0.40); Draft proposed Stipulation to address same (2.80) | 3.5 | 295.00 | 0.00 | 1032.50 |
| 11/18/2010 | KGB | Prepare for confirmation hearing (0.90); Participate in plan confirmation hearing and related discussions with counsel | 2.6 | 295.00 | 0.00 | 767.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | for the Committee and the United States Trustee's Office (0.80), with travel (0.70); Exchange e-mails with counsel for secured creditor Atwood regarding same (0.20) | | | | |
| 11/22/2010 | KGB | Receive and review late ballot accepting plan (0.10); Evaluate effect on balloting (no effect on result; adds slightly to dollars accepting class 6) (0.10); Update information for eventual revised ballot report (0.10) | 0.3 | 295.00 | 0.00 | 88.50 |
| 11/29/2010 | KGB | Work on Stipulation, Amended Plan, and Supplemental Disclosure Statement | 3.8 | 295.00 | 0.00 | 1121.00 |
| 12/1/2010 | KGB | Receive and review Weissman comments to amended plan; Make indicated changes to Supplemental Disclosure Statement, Plan, and Stipulation | 0.2 | 295.00 | 0.00 | 59.00 |
| 12/3/2010 | KGB | Telephone call to opposing counsel Albue regarding resolving Objections to Plan | 0.2 | 295.00 | 0.00 | 59.00 |
| 12/7/2010 | KGB | Voice message from Floyd regarding status of stipulation with Committee; Return call to same (left message that I returned call); Telephone call to Bryan Albue (he has not heard feeback on my changes) | 0.2 | 295.00 | 0.00 | 59.00 |
| 12/8/2010 | KGB | Telephone conferences with Floyd regarding Brazil, plan amendments (0.30); Draft amended plan (0.50); Draft declaration (0.80); Telephone conference with counsel for Committee (0.20); Confirmation hearing, with travel (1.70) | 3.5 | 295.00 | 0.00 | 1032.50 |
| 12/15/2010 | KGB | Telephone conference with Rick Cuellar regarding status of plan, Committee oversight | 0.2 | 295.00 | 0.00 | 59.00 |
| 12/22/2010 | KGB | Telephone call to opposing counsel (voice message); Telephone conference with same; Draft letter to Mr. Albue regarding conditions for confirmation; Draft letter to Marsh regarding expectations | 1.3 | 295.00 | 0.00 | 383.50 |
| 12/27/2010 | KGB | Telephone call to opposing counsel Bryan Albue (he will call back today) | 0.2 | 295.00 | 0.00 | 59.00 |
| 12/28/2010 | KGB | Telephone call to Albue regarding letter from Creditors Committee (voice message) [0.10]; Voice message from Albue promising letter, and check for same [0.10]; Review email and attached letter from Albue [0.20]; Forward email to Floyd and call Terri with instructions to call Floyd and request his review and return call [0.20]; Telephone conference with Floyd re letter and possible resolution [0.30] | 0.9 | 295.00 | 0.00 | 265.50 |
| 12/28/2010 | TT | Telephone call from Mr. Black regarding letter received from the Creditor's Committee regarding resolution of Plan objection and email to Mr. Stilwell; telephone call to Mr. Stilwell to request that he review and contact Mr. Black by cell phone. Telephone call from Mr. Black with further | 0.6 | 125.00 | 0.00 | 75.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | instructions; telephone call to Mr. Stillwell to confirm receipt of email; email and telephone call to Mr. Black confirming same; | | | | |
| 1/20/2011 | KGB | Telephone call to counsel for Committee | 1.3 | 295.00 | 0.00 | 383.50 |
| 1/21/2011 | KGB | Revise Stipulation (0.50); Revise Notice of Stipulation, Notice of Amendments to Plan of Reorganization, Supplemental to Disclosure Statement, Notice of Deadline to Change Ballots, and Notice of Continued Hearing on Plan Confirmation (1.20); Draft e-mail to Albue (0.10); Draft form of Order (0.20); Telephone call to Albue (0.10) | 2.1 | 295.00 | 0.00 | 619.50 |
| 2/14/2011 | KGB | Telephone call to Mr. Albue (voice message) | 0.2 | 295.00 | 0.00 | 59.00 |
| 2/15/2011 | TT | Receive and review facsimile from Mr. Stillwell for Mr. Black for Stipulation with Committee; advise Mr. Black of same. | 0.4 | 125.00 | 0.00 | 50.00 |
| 2/16/2011 | KGB | Review and work on projections for discussion with opposing counsel Albue [1.10]; Telephone conferences with Floyd regarding same [0.40]; Continue work on projections [1.40]; Revise Stipulation [0.30]); Revise Notice [0.20]; Draft letter to Albue [0.60] | 4.0 | 295.00 | 0.00 | 1180.00 |
| 2/17/2011 | KGB | Receive and review e-mail from Floyd regarding projections and attempt work on amending same (0.40); Telephone call to Floyd for clarification (0.20); Draft e-mail to Floyd for confirmation of amended projections (0.10); Revise letter and Notice (0.40); Fax letter, Stipulation and Notice (0.10) | 1.2 | 295.00 | 0.00 | 354.00 |
| 2/21/2011 | KGB | Telephone call to Mr. Albue | 0.1 | 295.00 | 0.00 | 29.50 |
| 2/22/2011 | KGB | Telephone conference with Albue regarding confirmation Stipulation [0.20]; Telephone conference with Floyd regarding requested disclosures [0.20]; Meet with Floyd at Marsh's facilities, with travel [1.80] | 2.2 | 295.00 | 0.00 | 649.00 |
| 2/23/2011 | KGB | Receive and review e-mails from Floyd [0.20]; Telephone call to Floyd and receive permission to forward to Albue [0.10]; Forward e-mails [0.10] and call Albue [0.10]; Telephone call to Albue regarding scheduling [0.10]; Telephone conference with Floyd regarding same [0.10] | 0.7 | 295.00 | 0.00 | 206.50 |
| 2/24/2011 | KGB | Telephone call to Mr. Albue | 0.1 | 295.00 | 0.00 | 29.50 |
| 2/24/2011 | KGB | Conference call with Floyd, Committee and Committee Counsel (0.70); Send Stipulation and Notice to counsel for Committee (0.20); Telephone call to counsel for Committee regarding same (0.10) | 1.0 | 295.00 | 0.00 | 295.00 |
| 3/1/2011 | KGB | Telephone call from Albue regarding confirmation issues (voice message); Return call to same | 0.1 | 295.00 | 0.00 | 29.50 |
| 3/4/2011 | KGB | Exchange e-mails with Floyd regarding contract (0.10); Telephone calls to opposing counsel Albue (left voice | 0.2 | 295.00 | 0.00 | 59.00 |

| Date | Initials | Description | Hours | Rate | | Amount |
|------|----------|-------------|-------|------|------|--------|
| | | message) (0.10) | | | | |
| 3/7/2011 | TT | Telephone call from Mr. Black with instructions to contact Mr. Stillwell with an update from communication from Mr. Albue; regarding Plan objections; telephone call with Mr. Stillwell regarding same; send e-mail to Mr. Black regarding same. | 0.5 | 125.00 | 0.00 | 62.50 |
| 3/11/2011 | KGB | Receive and review e-mail and proposed Stipulation from Albue (0.20); Forward to Floyd and call with brief overview (0.10); Begin detailed review and comparison of Albue's Stipulation to Marsh's previously proposed Stipulation (1.50); Telephone conference with Floyd regarding his review of Stipulation (0.20) | 2.0 | 295.00 | 0.00 | 590.00 |
| 3/11/2011 | TT | Receive voice message from Floyd Stillwell regarding contact with Mr. Black to discuss potential Stipulation with Crommittee; telephone call to Mr. Black and left voice message; telephone call to Mr. Stilwell regarding same. | 0.4 | 125.00 | 0.00 | 50.00 |
| 4/13/2011 | KGB | Review proposed stipulation and Floyd's concerns (0.20); Conference with Ms. Thompson regarding continued hearing (0.10); Telephone call to Albue regarding Stipulation (0.10); Telephone call to Floyd regarding confirmation and Stipulation (0.10); Telephone call from Albue regarding issues (0.20) | 0.7 | 295.00 | 0.00 | 206.50 |
| 4/13/2011 | TT | Conference with Mr. Black concerning continuing hearing on plan confirmation. Telephone call to JA - left voice message. | 0.5 | 125.00 | 0.00 | 62.50 |
| 4/25/2011 | KGB | Work on Stipulation to Confirmation of Plan (1.10); Draft e-mail to Floyd with recommendations regarding same (0.40); Telephone conference with Floyd regarding changes (0.20); Draft e-mail to Albue (0.10) | 1.8 | 295.00 | 0.00 | 531.00 |
| 4/26/2011 | KGB | Telephone call to Albue regarding proposed revisions (voice message) (0.10) | 0.1 | 295.00 | 0.00 | 29.50 |
| 4/27/2011 | KGB | Receive and review e-mail from Floyd regarding need for hearing (0.10); Telephone call to opposing counsel (voice message) and draft e-mail to opposing counsel regarding same (0.10) | 0.2 | 295.00 | 0.00 | 59.00 |
| 5/2/2011 | KGB | Receive and review e-mail from Floyd regarding urgency (0.10); Telephone call to opposing counsel Albue (voice message) (0.10); Telephone conference with Floyd regarding new development (0.10); Telephone call to Albue (direct and main numbers; in meeting; left voice message) (0.10); Telephone conference with Albue regarding urgency (0.10); Telephone calls to Floyd (voice message regarding discussion with Albue) (0.10); Draft Motion for Expedited Hearing (2.70); Draft e-mail to Floyd regarding Motion | 3.4 | 295.00 | 0.00 | 1003.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | (0.10) | | | | |
| 5/4/2011 | KGB | Conference with Mr. Albue; Revise and finalize Motion, Notice and form of Order | 2.1 | 295.00 | 0.00 | 619.50 |
| 5/5/2011 | KGB | Finalize and file motion and lodge order (0.50); Follow up on entry of order (0.30); Receive and review Order (0.20); Finalize Notice with hearing date (0.20); Serve Notice on ECF recipients (0.20); Telephone call to Floyd regarding receipt (voice message) (0.10) and forward copy of notice and order (0.10) Direct service on master mailing list (0.20); Review prior service list and update master mailing list with additional addresses for complete notice (1.3); Telephone conference with bankruptcy mailing provider regarding updated list (0.20) | 3.1 | 295.00 | 0.00 | 914.50 |
| 5/6/2011 | KGB | Review e-mails from Floyd regarding order setting hearing on Plan (0.10); Telephone conference with Floyd regarding same and regarding Brazil (0.10) | 0.2 | 295.00 | 0.00 | 59.00 |
| 5/9/2011 | KGB | Receive and review e-mail from Floyd regarding confirmation of plan vs. effective date of plan and reply regarding same | 0.2 | 295.00 | 0.00 | 59.00 |
| 5/12/2011 | KGB | Telephone call to Floyd regarding status of Brazil (still in progress, Brazil was happy with the hearing date, also interested in the fire fighting conversions) (0.10); Telephone call to Albue (voice message) (0.10 | 0.2 | 295.00 | 0.00 | 59.00 |
| 5/18/2011 | KGB | Voice message from opposing counsel Weissman regarding amended plan; Telephone call to Mr. Weissman regarding same and regarding Stipulation | 0.4 | 295.00 | 0.00 | 118.00 |
| 5/25/2011 | KGB | Receive and review Supplemental Objection by Committee; Telephone call to Mr. Albue regarding same (voice message) | 0.3 | 295.00 | 0.00 | 88.50 |
| 5/31/2011 | TT | Conference with Mr. Black concerning preparation for Confirmation Hearing; Work on hearing preparations; pull all documents and prepare Indexes for same. Review emails and faxes concerning Brazil issue. | 5.2 | 125.00 | 0.00 | 650.00 |
| 5/31/2011 | KGB | Review voice message from creditor regarding updated address and give directions to correct same [0.10]; Work on Atwood Stipulation [0.20]; Multiple telephone conferences with Albue regarding Stipulation to resolve Committee's objections [0.50]; Receive and review revisions by Albue [0.10]; Draft response to Albue with history of service of notice [0.20]; Draft e-mail to Floyd attaching and outlining proposed changes to Stipulation [0.10]; Receive and review e-mail from Floyd and telephone conference with same regarding language on conditions and other issues with Stipulation [0.20]; | 2.6 | 295.00 | 0.00 | 767.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Telephone conferences with Ms. Thompson regarding preparation for confirmation hearing [0.50]; Begin draft of Supplemental Ballot Report [0.50]; File Certificate of Service of Notice of Continued Hearing on Plan Confirmation [0.20] | | | | |
| 6/1/2011 | TT | Continue to work on preparations for Confirmation Hearing; review and organize Ballots to present to the Court; pull several e-mails and faxes from and to Mr. Stilwell concerning the Brazil contract. Scan and e-file Proposed Order Confirming Reorganization Plan and Notice of Lodging Proposed Order; e-mail copies of the Supplemental Ballot and Notice of Lodging Order to all parties listed on mailing certificate. | 6.1 | 125.00 | 0.00 | 762.50 |
| 6/1/2011 | KGB | Follow up on call regarding creditor maintenance [0.10]; File previously-served Notice [0.10]; Finalize and file Supplemental Ballot Report [0.40]; Draft revisions to Stipulation and forward to Mr. Albue [0.30]; Telephone conference with Mr. Albue regarding same [0.10]; Draft Order [0.40]; Prepare exhibits and outline of relevant pleadings for hearing [1.50]; Confirmation hearing, with travel [2.50] | 5.4 | 295.00 | 0.00 | 1593.00 |
| 6/2/2011 | KGB | Telephone call to Mr. Albue regarding Committee's final decision (voice message) (0.10); voice message from Albue (0.10) Receive and review e-mail from Albue with signed Stipulation and forward to Floyd (0.10); Voice messages from Floyd (0.10); Telephone conference with Floyd regarding same (0.10); Telephone conference with Albue regarding Order (0.40) | 0.9 | 295.00 | 0.00 | 265.50 |
| 6/3/2011 | KGB | File Stipulation to Confirmation | 0.3 | 295.00 | 0.00 | 88.50 |
| 6/6/2011 | KGB | Receive and review proposed revisions to Order Confirming Plan; Draft e-mail to Albue with changes; Compare and correct revised Order; Telephone conference with Albue regarding corrections; Receive and review e-mail from Floyd regarding order; Reply to same | 1.2 | 295.00 | 0.00 | 354.00 |
| 6/7/2011 | KGB | Follow up with opposing counsel Albue regarding order | 0.1 | 295.00 | 0.00 | 29.50 |
| 6/8/2011 | TT | Mail Notice of Lodging Order to creditor Recovery Management Systems Corporation..2 | 0.5 | 125.00 | 0.00 | 62.50 |
| 6/8/2011 | KGB | Receive and review e-mail from Albue regarding approval of Order (0.10); Telephone conference with same regarding notice of lodging (0.10); Draft notice of lodging and forward to Albue (0.20); Receive and review minute entry and forward to Floyd (0.10); Telephone conference with Albue, upload order and file notice of lodging (0.30); Serve and direct service of notice of lodging (0.20) | 1.0 | 295.00 | 0.00 | 295.00 |

| 6/14/2011 | KGB | Receive and review order confirming Plan (0.10); Forward to Floyd and telephone call to same (0.10) | 0.2 | 295.00 | 0.00 | 59.00 |
|---|---|---|---|---|---|---|
| | | Total for B320 | 102.1 | 256.51 | 0.00 | 26190.00 |
| Grand Totals | | | 121.2 | 253.55 | 0.00 | 30717.25 |

Case 2:09-bk-23468-DPC    Doc 122    Filed 07/14/11    Entered 07/14/11 18:20:32    Desc
Main Document    Page 22 of 25

# Exhibit B

| Project Category | | E101 | Copying | | | | |
|---|---|---|---|---|---|---|---|
| Date | Init. | Narrative | | Hours | Rate | Discount | Net Fee |
| 4/8/2011 | | Photocopy Expense | | 48.0 | 0.15 | 0.00 | 7.20 |
| 6/1/2011 | | Photocopy Expense | | 987.0 | 0.15 | 0.00 | 148.05 |
| | | Total for E101 | | 1035.0 | 0.15 | 0.00 | 155.25 |

| Project Category | | E102 | Outside printing | | | | |
|---|---|---|---|---|---|---|---|
| Date | Init. | Narrative | | Hours | Rate | Discount | Net Fee |
| 9/29/2010 | | Bankruptcy Mailing Service.com - Notice of Application for Interim Payment & Compensation of Atty Fees & Costs/App for Interim Payment and Compensation of Atty Fees and Costs and For Order and Judgment Theron/ Postage | | 1.0 | 80.67 | 0.00 | 80.67 |
| 10/19/2010 | | Bankruptcy Mailing Service.com - Class One Ballot for Accepting or Rejecting Plan/Class Six Ballot for Accepting or Rejecting Plan of reorganization/Disclosure Statement Plan/Class Two Gallot for Accepting or Rejecting Plan of Reorganization/Class Six Ballot for Accepting or Refecting Plan of reorganization/Discosure Statement Plan/Class Three Ballot for Accepting or Rejecting Plan of Reorganization/postage | | 1.0 | 303.38 | 0.00 | 303.38 |
| 11/11/2010 | | Bankruptcy Mailing Service.com - Notice of Errata regarding Marsh Aviation Company's Plan of Reorganization Dated June 15, 2010 - 111 copies make of 2 pages | | 1.0 | 71.04 | 0.00 | 71.04 |
| 5/5/2011 | | Bankruptcy Mailing Service.com - 123 Copies - Notice of Continued Hearing, Notice of Deadline, Notice of Likely Stipulation, Notice of Amendments to Plan of Reorganization, Supplement to Disclosure Statement - on 05/05/11 | | 1.0 | 263.22 | 0.00 | 263.22 |
| | | Total for E102 | | 4.0 | 179.58 | 0.00 | 718.31 |

| Project Category | | E108 | Postage | | | | |
|---|---|---|---|---|---|---|---|
| Date | Init. | Narrative | | Hours | Rate | Discount | Net Fee |
| 10/12/2010 | | Postage | | 1.0 | 2.24 | 0.00 | 2.24 |
| 11/4/2010 | | Postage | | 1.0 | 2.24 | 0.00 | 2.24 |
| 12/17/2010 | | Postage | | 1.0 | 2.24 | 0.00 | 2.24 |
| 1/6/2011 | | Postage | | 1.0 | 2.24 | 0.00 | 2.24 |
| 3/14/2011 | | Postage | | 1.0 | 0.44 | 0.00 | 0.44 |
| 4/8/2011 | | Postage | | 1.0 | 2.07 | 0.00 | 2.07 |
| 4/8/2011 | | Postage | | 1.0 | 0.44 | 0.00 | 0.44 |
| 6/8/2011 | | Postage | | 1.0 | 0.64 | 0.00 | 0.64 |
| | | Total for E108 | | 8.0 | 1.57 | 0.00 | 12.55 |

| Project Category | | E109 | Local travel | | | | |
|---|---|---|---|---|---|---|---|
| Date | Init. | Narrative | | Hours | Rate | Discount | Net Fee |
| 1/4/2011 | | Mr. Kelly G. Black - Expense Reimbursement for mileage from JW to US Bankruptcy Court for Confirmation Hearing | | 1.0 | 19.10 | 0.00 | 19.10 |
| 1/4/2011 | | Mr. Kelly G. Black - Expense Reimbursement for parking at bankruptcy Court | | 1.0 | 2.00 | 0.00 | 2.00 |
| 6/1/2011 | | Mr. Kelly G. Black - Expense Reimbursement for mileage from JW to US Bankruptcy Court for Confirmation Hearing | | 1.0 | 19.10 | 0.00 | 19.10 |
| 6/1/2011 | | Mr. Kelly G. Black - Expense Reimbursement for parking at bankruptcy Court | | 1.0 | 2.00 | 0.00 | 2.00 |
| | Total for E109 | | | 4.0 | 10.55 | 0.00 | 42.20 |
| Grand Totals | | | | 1051.0 | 0.88 | 0.00 | 928.31 |

Case 2:09-bk-23468-DPC    Doc 122    Filed 07/14/11    Entered 07/14/11 18:20:32    Desc
Main Document    Page 25 of 25