LAW OFFICES
SHERMAN & HOWARD L.L.C.
201 EAST WASHINGTON STREET, SUITE 800
PHOENIX, ARIZONA 85004-2327
TELEPHONE: (602) 240-3000
FAX: (602) 240-6600
(AZ BAR FIRM NO. 00441000)

Bryan A. Albue (AZ Bar No. 009594)
(balbue@shermanhoward.com)
Attorneys for The Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARSH AVIATION COMPANY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-23468-PHX-DPC<br><br>**RESPONSE AND LIMITED OBJECTION TO MARSH AVIATION COMPANY'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date: December 2, 2014<br>Time: 2:30 p.m.<br>Place: Courtroom 603, 6th Floor<br>Phoenix, Arizona 85003 |

The Official Committee of Unsecured Creditors (the "Committee") in this case files its Response and Limited Objection to Confirmation of Marsh Aviation Company's Plan of Reorganization. The Committee's response is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS AND BACKGROUND

Marsh Aviation Company ("Marsh Aviation") filed its petition under Chapter 11 on September 22, 2009. On June 14, 2011, this Court entered an Order Confirming Plan of Reorganization (the "First Confirmation Order"), confirming Marsh Aviation Company's First Amended Plan of Reorganization, with amendments incorporated into the First Confirmation Order (the "First Plan"). The First Plan became effective on

October 26, 2011, when Marsh Aviation certified that it had entered into the anticipated contract with the Brazilian Navy (the "Brazilian Navy Contract"). Marsh Aviation was unable to fulfil the Brazilian Navy Contract according to the terms of the First Plan.

Marsh Aviation filed its Second Amended Chapter 11 Plan of Reorganization on November 10, 2014, wherein it proposed to perform certain aspects of the Brazilian Navy Contract under different arrangements. Marsh Aviation has requested expedited consideration in order to preserve available 2014 funding for the Brazilian Navy Contract.

## II. LEGAL ARGUMENT

### A. Burden and Standard of Proof.

As the proponent of a plan, the debtor has the burden of proving that each and every element of 11 U.S.C. § 1129(a) has been satisfied. *In re Ambanc La Mesa L. P.*, 115 F.3d 650 (9th Cir. 1997). "The burden of proposing a plan that satisfies the requirements of the Code always falls on the party proposing it, but it falls particularly heavily on the debtor in possession or trustee since they stand in a fiduciary relationship to the estate's creditors." *In re Perez*, 30 F.3d 1209, 1214 n.5 (9th Cir. 1994). A bankruptcy court may only confirm a debtor's plan if, in addition to other requirements, "the plan complies with the applicable provision[s] of Title 11." *Id.* at 1213 (9th Cir. 1994).

### B. Marsh Aviation Must Establish that the Plan is Feasible and Will Lead to a Successful Reorganization.

A condition to the confirmation of a plan is the finding that it is feasible under 11 U.S.C. § 1129(a)(11). The purpose of the feasibility test is to protect against visionary or speculative plans. As noted by the Ninth Circuit:

> The purpose of section 1129(a)(11) is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation.

*In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985); 7 *Collier on Bankruptcy* ¶ 1129.03[11] (15th Ed., rev. 2009).

Feasibility contemplates "the probability of actual performance of the provisions

of the plan." *In re Hoffman*, 52 B.R. 212, 215 (Bankr. D. N.D. 1985). Factors to be considered when judging feasibility of a Chapter 11 plan include the business' earning power, the sufficiency of the capital structure, economic conditions, managerial efficiency, and whether the same management will continue to operate the company. *In re Hoffman*, 52 B.R. at 215; *In re Great Northern Protective Services, Inc.*, 19 B.R. 802, 803 (Bankr. W.D. Wash. 1982).

"Where a debtor proposes to fund a plan out of operating revenue, its financial record during the pendency of Chapter 11 is probative of feasibility (Citations omitted). Income projections indicating financial progress must be based on concrete evidence of financial progress, and must not be speculative, conjectural, or unrealistic predictions. (Citations omitted)." *In re Merrimack Valley Oil Co., Inc.*, 32 B.R. 485 (Bankr. D. Mass. 1983) *See In the Matter of Equity Funding Corporation of America*, 416 F. Supp. 132 (C.D. Cal. 1975); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir. 1985). Moreover, the longer the plan extends, the stricter the proof required as to feasibility and adequate protection. *In re KRO Assocs.*, 4 B.C.D. 462 (Bankr. S.D. N.Y. 1978).

In this case, the reorganization depends on the successful performance of certain aspects of the Brazilian Navy Contract. In support of feasibility, Marsh Aviation has provided financial projections, which are attached as Exhibit B to Marsh Aviation's Disclosure Statement in Support of Marsh Aviation Company's Second Amended Chapter 11 Plan of Reorganization filed on November 10, 2014. However, no information is provided supporting how these projections were derived.

Further information in this regard is needed. The Committee has been in contact with the Marsh Aviation and is hopeful that it will obtain the necessary support for the projections and other information prior to the hearing to consider confirmation of the Plan.

**C.** **Additional Protection is Required to Ensure Compliance with the Plan.**

Payments to unsecured creditors, which are to be paid in full under the Plan, are not to start until 24 months after confirmation. In addition to any other reports and requirements that may be imposed by the Bankruptcy Code, associated rules, court order

or the United States Trustee, Marsh Aviation should be required to provide reports to the Committee, or any successor or designee, (the "Reports") that include actual revenues, expenses and other pertinent information as compared to the projections. The Committee should be entitled to make reasonable verification of the Reports and conduct its own investigations, with such efforts Marsh Aviation should cooperate, and, without limiting the foregoing, arrange for an independent audit of Marsh Aviation, if there is reason to conclude that there are material inaccuracies in the Reports, or the Reports are materially incomplete, omit material information or are not timely provided. In addition and independent of the requirement to provide Reports, Marsh Aviation should be required to promptly disclose to the Committee any occurrences or events that may materially affect the performance of or benefits to be provided under the Brazilian Navy Contract or the ability of Marsh Aviation to perform under the Brazilian Navy Contract. These requirements are necessary in order to ensure that Marsh Aviation can meet its obligations both before and while quarterly payments are being made to unsecured creditors.

In addition, Marsh Aviation should be subject to reasonable limitations on certain uses of cash, such as for equity distributions. Marsh Aviation also should be required to make additional or accelerated payments to unsecured creditors, if cash reserves exceed the amount necessary to fulfill legitimate business needs.

**D.  Certain Provisions may Limit the Committee's Ability to Seek the Allowance of Professional Fees.**

The Plan provides for the allowance of "[c]laims for compensation for and reimbursement of Jackson White, PC, Kelly G. Black, PLC and Sherman & Howard, LLC arising after October 26, 2011, and allowed by the Court on application filed by the effective date of this 2014 Plan." The Plan provides that:

> The effective date of this 2014 Second Amended Plan shall be the date thirty (30) days after the entry of an Order confirming this Chapter 11 Plan of Reorganization (and any amendments thereto) or, at Debtor's option, the effective date shall be such earlier date as may be indicated in a Notice of Effective Date filed herein and promptly noticed to all interested parties.

While the Committee does not object to Marsh Aviation electing an earlier effective date, there is no reason to shorten to less than 30 days the ability to timely file an application for compensation.

The Plan also appears to improperly limit further compensation to services provided after October 26, 2011, which is the date the First Plan became effective. There is no support for this limitation. The First Confirmation Order provides that:

> IT IS FURTHER ORDERED that any claims for professional fees incurred before entry of this Order, any other administrative claims, and any other timely claims not previously filed, scheduled or determined, shall be barred if not filed within thirty days after entry of this Order;

Therefore, the applicable limitation should be June 14, 2011, which is the date the First Confirmation Order was entered.

### E. The Scope of the Discharge is Excessive.

Section 9.1 of the Plan, entitled "Effect of Confirmation," provides:

> Confirmation substitutes the terms and obligations stated in this 2014 Second Amended Plan for all preconfirmation claims and interests and discharges the Debtor from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date.

The provision that "confirmation substitutes the terms and obligations stated in this 2014 Second Amended Plan for all preconfirmation claims and interests" exceeds the scope of the discharge provided under 11 U.S.C. § 1141(d) and may improperly impair the rights of creditors, especially where a third party has guaranteed or also is liable along with Marsh Aviation on an obligation.

### F. Confirmation of an Impaired Accepting Class, under 11 U.S.C. § 1129(a)(10).

A plan may be confirmed only if "at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." 11 U.S.C. § 1129(a)(10). The Committee reserves the right to examine the balloting and other information to confirm that Marsh Aviation has satisfied the requirements of § 1129(a)(10).

**G. Review and Approve Order Confirming the Plan.**

The Committee requests that it be afforded the opportunity to review and approve any proposed order submitted which approves confirmation of the Plan.

**III. CONCLUSION**

WHEREFORE the Committee requests that the Court:

A. Grant relief consistent with the foregoing;

B. Alternatively, deny approval of the Plan; and

C. Award other and further relief as the Court deems just and proper.

DATED: November 26, 2014

SHERMAN & HOWARD L.L.C.

By /s/ Bryan A. Albue #009594
Bryan A. Albue
2800 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-1043
Proposed Attorneys for The Official Committee of Unsecured Creditors

COPY of the foregoing served by email
on November 26, 2014 to:

Kelly G. Black, Esq.
The Law Offices of Kelly G. Black, PLC
1152 E Greenway St, Suite 4
Mesa, Arizona 85203-4360
Email: kgb@kellygblacklaw.com

Jennifer A. Giaimo, Esq.
Office of the U.S. Trustee
230 N. First Ave. #204
Phoenix, AZ 85003-1706
Email: Jennifer.A.Giaimo@usdoj.gov

/s/ Bryan A. Albue #009594